■ Todd Posner, an Infant, by His Father and Natural Guardian, Jeffrey Posner, et al., Respondents, v North Shore University Hospital, Inc., Defendant, and Vincent F. Mastrota, Appellant. (Action No. 1.) Todd Posner, an Infant, by His Father and Natural Guardian, Jeffrey Posner, et al., Respondents, v Michael J. Napoli, Appellant. (Action No. 2.) Christopher J. Hayes, an Infant, by His Mother and Guardian, Jude D. Hayes, et al., Respondents, v North Shore University Hospital, Inc., Defendant, and Vincent F. Mastrota et al., Appellants. (Action No. 3.) — In a consolidated medical malpractice action, defendants Vincent Mastrota and Michael Napoli appeal (1) from so much of an order of the Supreme Court, Kings County (Pino, J.), entered May 21, 1981, as denied their cross motion for a change of venue and for dismissal of the causes of action pleaded by plaintiffs Jeffrey and Marilyn Posner on behalf of their infant son, and (2) as limited by their brief, from so much of a further order of the same court, entered September 8, 1981, as upon reargument, adhered to its original determination. Appeal from the order entered May 21, 1981, dismissed, as academic, without costs or disbursements. That order was superseded by the order entered September 8, 1981. Order entered September 8, 1981, modified by adding thereto after the word "decision" the following: "except that the causes of action pleaded by plaintiffs Jeffrey and Marilyn Posner on behalf of the infant plaintiff in Actions No. 1

and No. 2 are dismissed and the order entered May 21, 1981 is modified accordingly". As so modified, order affirmed insofar as appealed from, without costs or disbursements. Appellants' cross motion insofar as it requested a change of venue to Nassau County was properly denied since there was a proper basis for designating venue in Kings County. However, Special Term erred in refusing to dismiss the causes of action pleaded by plaintiffs Jeffrey and Marilyn Posner on behalf of their infant son. On or about April 3, 1979 Jeffrey and Marilyn Posner commenced Action No. 1 against defendants North Shore University Hospital, Inc., and Vincent Mastrota, on behalf of the infant plaintiff, for injuries sustained by the infant as a result of alleged medical malpractice. They also pleaded derivative causes of action for injuries and expenses that they individually sustained. On May 13, 1980 the infant plaintiff was adopted by Jude and Stephen Thomas Hayes. Thereafter, on or about November 12, 1980 the Posners commenced Action No. 2 against defendant Michael Napoli, again on behalf of the infant plaintiff as well as individually. The adoption divested the Posners, the natural parents, of the legal relation which they had theretofore had with the infant, and abated their legal capacity to represent him in any lawsuit. Thus, the causes of action in the first and second actions brought by the Posners on behalf of the infant plaintiff must be dismissed. The adoptive parents, Jude and Stephen Hayes, are now the only proper parties who may maintain such an action on behalf of the infant; we note, that they have, in fact, done so in Action No. 3. We also note that the derivative causes of action pleaded by the Posners, which have not been challenged, are not abated by the adoption and will be tried along with the action on behalf of the infant. Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.